Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 889 | **DATE** | 12/6/2000 |
| **CASE TITLE** | Dietz vs. Northeast Illinois Railroad | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Corrected Memorandum Opinion and Order of May 12, 2000. For the reasons set forth on the attached order, The Court grants defendant Chicago Union Station Co.'s motion to dismiss the counterclaim of Burlington Northern and Santa Fe Railroad Company. The counterclaim is dismissed without prejudice, as its determination is subject to arbitration.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | **DEC 1 1 2000** date docketed | |
| | Notified counsel by telephone. | | |
| ✓ | Docketing to mail notices. | | 40 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| OR | courtroom deputy's initials | FILED FOR DOCKETING 00 DEC 11 AM 8: 30 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES DIETZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 00 C 0889 |
| ) | |
| NORTHEAST ILLINOIS REGIONAL ) | |
| COMMUTER RAILROAD CORP., d/b/a ) | |
| Metra Metropolitan Rail; THE BURLINGTON ) | |
| NORTHERN AND SANTA FE RAILROAD ) | |
| COMPANY; NATIONAL RAILROAD ) | |
| PASSENGER CORP., d/b/a Amtrak; ) | **DOCKETED** |
| JONES LANG LASALLE INC.; JONES ) | |
| LANG & WOOTEN, USA; and CHICAGO ) | DEC 1 1 2000 |
| UNION STATION CO., ) | |
| ) | |
| Defendants. ) | |

## CORRECTED MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiff James Dietz says that on January 11, 1999, while exiting a train operated by defendants Burlington Northern and Santa Fe Railroad Company ("BN") and Metra, he slipped and fell on water and ice that had accumulated on the platform at Chicago's Union Station. He has sued, among others, BN and Metra, as well as Chicago Union Station Company ("Union Station Co."). BN has brought a three count crossclaim against Union Station Co. In Count 1, BN alleges that Union Station Co. is responsible for operation and maintenance of the platform area and that if Dietz recovers against BN, BN is entitled to contribution from Union Station Co. under the Illinois Contribution Among Joint Tortfeasors Act, 740 ILCS 100/2. In Count 2, BN alleges that it is the third party beneficiary of a 1984 contract between Metra and Union Station



Co. regarding use of the Union Station facilities, and that under the contract, Union Station Co. has the responsibility of maintaining the facilities. BN seeks in Count 2 to have Union Station Co. hold it harmless from any liability relating to the alleged slip and fall. In Count 3, BN relies on the same contract but cites to a provision stating that damages for injuries to persons caused by "joint negligence" of Union Station Co. and a railway company using the station shall be equally divided between the companies involved; BN seeks recovery of half any amounts assessed against it as a result of Dietz's claim.

Union Station Co. has moved to dismiss the crossclaim, saying that it is subject to arbitration pursuant to a provision of the Metra - Union Station Co. contract stating that "[i]n the case of any difference or dispute as to the construction or interpretation of this Agreement upon which the parties are unable to agree, the matter concerning to [sic] which there is a controversy shall be submitted to three competent arbitrators . . . and the decision of this Board or of a majority shall be final and conclusive between the parties." Agreement, §13. The parties agree that the Federal Arbitration Act, 9 U.S.C. §§1-16, applies to the contract.

BN argues that as a non-party to the Metra - Union Station Co. contract, it cannot be held to that contract's arbitration requirement. But BN is claiming, as a third party beneficiary, the benefits of that contract; it cannot seek the benefits of one clause in the contract and ignore the rest of it. There is ample authority for the proposition that one claiming to be third party beneficiary of a contract containing an arbitration requirement becomes subject to that requirement to the same extent as if he were a party to the contract. *See, e.g., Borsack v. Chalk & Vermilion Fine Arts, Ltd.*, 974 F. Supp. 293, 299-300 (S.D.N.Y. 1997); *Capitol Vial, Inc. v. Weber Scientific*, 966 F. Supp. 1108, 1112 (M.D. Ala. 1997); *Ripmaster v. Toyoda Gosei Co.,*

2

824 F. Supp. 116, 117-18 (E.D. Mich. 1993); *Wehe v. Montgomery*, 711 F. Supp. 1035, 1037-38 (D. Or. 1989). *See also Messing v. Rosenkrantz*, 872 F. Supp. 539, 541 (N.D. Ill. 1995) (discussing circumstances under which contract with arbitration clause applies to non-parties); *Asset Allocation and Management Co. v. Western Employers Insurance Co.*, No. 88 C 4287, 1988 WL 139247, at *5 (N.D. Ill. Dec. 22, 1988) (same). Having alleged third party beneficiary status as a basis for two of its claims against Union Station Co., BN "cannot slough off that relationship at will." *Amoco Transport Co. v. Bugsier Reederei and Bergungs, A.G. (In re Oil Spill by "Amoco Cadiz")*, 659 F.2d 789, 796 (7th Cir. 1981) (holding that party claiming standing as agent of another could not disavow that relationship for purposes of applicability of arbitration provision in principal's contract). For these reasons, the Court concludes that Counts 2 and 3 of BN's cross claim are subject to the arbitration provision in the Metra - Union Station Co. contract.

This leaves only Count 1, BN's claim for contribution under the Illinois Contribution Among Joint Tortfeasors Act. The fact that this claim is not expressly identified as being based on the Metra - Union Station Co. contract does not mean that the claim is not arbitrable; "[w]hether a particular claim is arbitrable depends not upon the characterization of the claim, but upon the relationship of the claim to the subject matter of the arbitration clause." *Amoco Transport*, 659 F.2d at 794. Count 1, like BN's other claims, is expressly premised on the proposition that Union Station Co. had the responsibility for maintaining the platform area of Union Station. It is difficult to imagine how this claim could be determined without reference to the provisions of the Metra - Union Station Co. contract that govern the issue of responsibility for maintenance. For these reasons, the Court concludes that Count 1 of BN's counterclaim is

3

also subject to arbitration.

The Court therefore grants defendant Chicago Union Station Co.'s motion to dismiss the counterclaim of Burlington Northern and Santa Fe Railroad Company. The counterclaim is dismissed without prejudice, as its determination is subject to arbitration.

MATTHEW F. KENNELLY
United States District Judge

Date: May 12, 2000 (corrected December 6, 2000)